IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEITH ANDERSON, MATTHEW )
COOPER, and SABRINA WARNER, on )
behalf of themselves and all others )
similarly situated, )
                          )     No. 3:19-cv-01151
                          )
      Plaintiffs,               )     JUDGE RICHARDSON
                          )
v.                               )
                          )
AMAZON.COM, INC., WALMART, )
INC., WAL-MART.COM USA, LLC, and )
EBAY, INC., et al., )
                          )
      Defendants.

## MEMORANDUM OPINION

Pending before the Court is Defendant eBay Inc. ("eBay")'s Motion to Compel Arbitration as to Plaintiff Matthew Cooper ("Plaintiff Cooper") and Stay Proceedings (Doc. No. 17, "Motion"), supported by an accompanying Memorandum of Law (Doc. No. 18). Plaintiff Cooper filed a response (Doc. No. 27), and Defendant replied (Doc. No. 37). For the reasons stated herein, Defendant eBay's Motion will be **GRANTED**.

## BACKGROUND[1]

On December 12, 2019, Plaintiff Cooper purchased a seatbelt extender online from Defendant eBay. (Doc. No. 18-1 at ¶ 12). After selecting the "Buy Now" option, and then selecting the option to "Check out as a guest," eBay's website provided Plaintiff Cooper with a screen

---

[1] The background facts are drawn from the exhibits (screen shots of eBay's website) attached to Plaintiff Cooper's Response (Doc. No. 27) and Ms. Rebekah Long's declaration (Doc. No. 18-1). None of the facts recited herein are disputed by the parties. The Court therefore will rely on them. *See Yaroma v. Cashcall, Inc.*, 130 F. Supp. 3d 1055, 1062 (E.D. Ky. 2015) ("in evaluating motions to compel arbitration, 'courts treat the facts as they would in ruling on a summary judgment.'" (quoting *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 864 (N.D. Ohio 2013))).

containing the following language: "By placing your order, you authorize PayPal to process your payment, and you agree to PayPal's user agreement and privacy statement and eBay's User Agreement and Privacy Notice." (Doc. No. 27-1 at 8). Underneath this language is a link titled "Confirm and Pay" that must be clicked on in order to complete the purchase. (*Id.*; Doc. No. 18-1 at ¶ 5). As revealed in the below image below, a purchaser must click on the "User Agreement" hyperlink to view the terms of eBay's User Agreement. (Doc. No. 27-1 at 8).



(*Id.*).

The User Agreement's Agreement to Arbitrate ("Arbitration Agreement") provides in part:

> **You and eBay each agree that any and all disputes or claims that have arisen, or may arise, between you and eBay (including any disputes or claims between you and a third-party agent of eBay) that relate in any way to or arise out of this or previous versions of the User Agreement, your use of or access to the Services, the actions of eBay or its agents, or any products or services sold, offered, or purchased through the Services shall be resolved**

> **exclusively through final and binding arbitration, rather than in court. Alternatively, you may assert your claims in small claims court, if your claims qualify and so long as the matter remains in such court and advances only on an individual (non-class, non-representative) basis. The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.**

(Doc. No. 18-1 at ¶ 12). The Arbitration Agreement also includes an opt-out procedure, which allows eBay account holders to opt out of the Arbitration Agreement by following the given procedure:

> **IF YOU ARE A NEW USER OF OUR SERVICES, YOU CAN CHOOSE TO REJECT THIS AGREEMENT TO ARBITRATE ("OPT-OUT") BY MAILING US A WRITTEN OPT-OUT NOTICE ("OPT-OUT NOTICE"). THE OPT-OUT NOTICE MUST BE POSTMARKED NO LATER THAN 30 DAYS AFTER THE DATE YOU ACCEPT THE USER AGREEMENT FOR THE FIRST TIME. YOU MUST MAIL THE OPT-OUT NOTICE TO EBAY INC., ATTN: LITIGATION DEPARTMENT, RE: OPT-OUT NOTICE, 583 WEST EBAY WAY, DRAPER, UT 84020.**
>
> For your convenience, we are providing an Opt-Out Notice form. You must complete and mail that to us in order to opt out of the Agreement to Arbitrate. You must complete the Opt-Out Notice form by providing the information called for in the form, including your name, address (including street address, city, state and zip code), and the user ID(s) and email address(es) associated with the eBay Service account(s) to which the opt-out applies. You must sign the Opt-Out Notice for it to be effective. This procedure is the only way you can opt out of the Agreement to Arbitrate. If you opt out of the Agreement to Arbitrate, all other parts of this User Agreement and its Legal Disputes Section will continue to apply to you. Opting out of this Agreement to Arbitrate has no effect on any previous, other, or future arbitration agreements that you may have with us.

(*Id.*). Furthermore, the User Agreement prohibits class action and other non-individualized relief:

> **YOU AND EBAY AGREE THAT EACH OF US MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, OR REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL**

3

**ACTION OR PROCEEDING. UNLESS BOTH YOU AND EBAY AGREE OTHERWISE, THE ARBITRATOR MAY NOT CONSOLIDATE OR JOIN MORE THAN ONE PERSON'S OR PARTY'S CLAIMS, AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, CLASS, OR PRIVATE ATTORNEY GENERAL ACTION OR PROCEEDING. ALSO, THE ARBITRATOR MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S). ANY RELIEF AWARDED CANNOT AFFECT OTHER USERS.**

(*Id.*, "Class Action Waiver").

On December 21, 2019, Plaintiff Cooper, together with Plaintiffs Keith Anderson and Sabrina Warner (collectively "Plaintiffs"), filed the Complaint in this case on behalf of themselves and all others similarly situated, alleging fraud and negligent misrepresentation regarding the sale of seatbelt extenders. (Doc. No. 1 at ¶ 1). In their Complaint, Plaintiffs allege that Defendants Amazon.com, Inc., Walmart, Inc., Wal-Mart.com USA, LLC, and eBay, Inc. (collectively "Defendants") fraudulently misled consumers regarding the proper usage and safety ratings of seatbelt extenders. (*Id.* at ¶¶ 12-36). Specifically, Plaintiffs allege that eBay advertised a seatbelt extender as safe for use with children's car seats despite numerous car manufacturers' warning against such use, which led Plaintiff Cooper to purchase the item for use with his child's convertible booster seat. (*Id.* at ¶¶ 29, 32-33). As indicated, Defendant eBay now moves to compel arbitration of Plaintiff Cooper's (the only plaintiff that asserts claims against eBay) claims against it. Defendant eBay also seeks an order precluding class arbitration, staying Plaintiff Cooper's claims against Defendant eBay pending arbitration, and staying Defendant eBay's current litigation deadlines pending the resolution of this Motion. (Doc. No. 17 at 1).

4

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a written provision in a contract "to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This section of the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (internal citation and quotation omitted).

Under the FAA, if a party establishes the existence of a valid agreement to arbitrate, the district court must grant the party's motion to compel arbitration and stay or dismiss proceedings until the completion of arbitration. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. §§ 3-4). Furthermore, "courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citation omitted). Therefore, any doubts regarding arbitrability must be resolved in favor of arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). However, while the courts must respect "the liberal federal policy favoring arbitration agreements . . . arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *Seawright*, 507 F.3d at 972 (internal citation and quotation omitted). Because arbitration agreements are fundamentally contracts, the enforceability of a purported agreement to arbitrate is evaluated according to applicable state contract law. *Id.*

When considering a motion to dismiss and compel arbitration under the FAA, a court has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted,

it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714 (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)). The parties dispute whether they mutually agreed to arbitrate; thus, the first step (and really only the first step) is at issue here.

As noted above in a footnote, "in evaluating motions to compel arbitration, 'courts treat the facts as they would in ruling on a summary judgment.'" *Yaroma*, 130 F. Supp. 3d at 1062 (quoting *Kovac*, 930 F. Supp. 2d at 864). "Therefore, the party opposing arbitration bears the burden of 'showing a genuine issue of material fact as to the validity of the agreement to arbitrate.'" *Id*. (citing *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)). Thus, the court views "all facts and inferences drawn therefrom in the light most favorable" to the party opposing arbitration and "determine[s] whether the evidence presented is such that a reasonable finder of fact could conclude that no valid agreement to arbitrate exists." *Id*.; *see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (stating that the party challenging arbitration has the burden of proving that the claims at issue are not arbitrable).

## DISCUSSION

Defendant eBay asserts that the User Agreement to which Plaintiff Cooper ostensibly assented when completing his purchase of the seat belt extender from eBay's website binds him to arbitrate all claims arising between Defendant eBay and himself. (Doc. No. 18 at 3-4). In response, Plaintiff Cooper challenges the arbitrability of his claims, asserting that there is no applicable arbitration agreement here. (Doc. No. 27 at 3-7). Specifically, Plaintiff Cooper claims he effectively opted out of the Arbitration Agreement within the prescribed time period and thus cannot be governed by its terms. (*Id*. at 3). Alternatively, Plaintiff Cooper argues that the

6

Arbitration Agreement is unenforceable because ordering arbitration that would foreclose public injunctive relief is in direct violation of California law and because the Arbitration Agreement is unconscionable. (*Id.* at 5-6). The Court will explore each of these assertions in turn.

### A. Choice of Law

First, the Court must determine which state's law to apply when determining whether a valid agreement exists. When exercising diversity jurisdiction, the Court applies the choice-of-law principles of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Centra, Inc. v. Estrin*, 538 F.3d 402, 409 (6th Cir. 2008). That means Tennessee, of course, in the instant case.

Here, the User Agreement contains a choice-of-law clause. The clause states:

> You agree that, except to the extent inconsistent with or preempted by federal law, the laws of the State of Utah, without regard to principles of conflict of laws, will govern this User Agreement and any claim or dispute that has arisen or may arise between you and eBay, except as otherwise stated in this User Agreement.

(Doc. No. 37 at 4). The parties disagree as to whether this clause should apply. Defendant eBay argues that, because "nothing in the User Agreement . . . limits the choice of law provision's application to instances where eBay enforces its forum selection clause," Utah law should govern. (*Id.*). Plaintiff Cooper, however, argues that: (a) "Defendant eBay has not [] moved the Court to enforce the forum selection clause and, accordingly, has waived application of Utah law"; and (b) California law (rather than Utah law or Tennessee law) should apply because Defendant eBay is headquartered in San Jose, California. (Doc. No. 27 at 5).[2]

As an initial matter, the Court finds that California law does not apply in any event. Plaintiff Cooper does not provide any legal authority for his argument that California law applies to the

---

[2] In referring to the possibility of filing in this Court a motion "to enforce the forum selection clause," presumably Plaintiff Cooper means a motion to change venue or a motion to dismiss for improper venue, neither of which has been filed.

7

interpretation of the agreement. He also does not explain why the fact(s) that California is where eBay is headquartered and (allegedly) "where eBay's employees go to work," (*id.*), has any legal significance to the choice-of-law question here. Under Tennessee choice-of-law principles, absent a choice-of-law clause, "a contract is presumed to be made with reference to the law of the place where it was entered into[.]" *Williams v. Smith*, 465 S.W.3d 150, 154 (Tenn. Ct. App. 2014) (citing *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973)); *see also Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 915 (W.D. Tenn. 2011), *aff'd*, 559 F. App'x 508 (6th Cir. 2014) ("For contract claims, Tennessee follows the rule of *lex loci contractus*, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent." (citation omitted)). Accordingly, even if the Court were to not adhere to the User Agreement's choice-of-law provision, California law still would not apply, because there is no evidence in the record demonstrating that the contract was entered into in California.

Instead, the record evidence supports that the contract was entered into in Tennessee. Although Tennessee courts appear to have not spoken on the issue, other jurisdiction that have considered the issue have held that a contract was formed in the jurisdiction where a buyer "clicked" the button online to indicate acceptance of the contract. *See Rimel v. Uber Techs., Inc.*, No. 615CV2191ORL41KRS, 2016 WL 6246812, at *5 (M.D. Fla. Aug. 4, 2016), *report and recommendation adopted*, 246 F. Supp. 3d 1317 (M.D. Fla. 2017) (applying Florida's *lex loci contractus* rule and explaining "[a]lthough the parties do not directly address the question of where Rimel accepted the June 21, 2014 Services Agreement and its Arbitration Provision, because he resides in Florida and worked as an uberX driver in Florida, the logical inference is that he accepted the agreement and the Arbitration Provision by clicking "Yes, I Agree" while he was in Florida. Therefore, Florida law applies to the Arbitration Provision."); *Home Basket Co., LLC v. Pampered*

*Chef, Ltd*., No. 04-1314-WEB, 2005 WL 82136, at *2 (D. Kan. Jan. 12, 2005) (applying Kansas choice-of-law principles and noting that the plaintiff "accepted the contract when [its employee] clicked on the "Accept [purchase order] button in Kansas.").

The Court finds that Tennessee courts would likely reach the same result and find that a contract is entered into in Tennessee, for purposes of the *lex loci contractus* rule, by the act of "clicking" online to accept that agreement while present in Tennessee. Here, like in *Rimel*, there is no direct evidence that Plaintiff Cooper was in Tennessee when he accepted the agreement; however, the fact that Plaintiff Cooper is a Tennessee resident who accepted the agreement in the act of purchasing goods to be delivered to Tennessee, (*see* Doc. No. 27-1), leads to "the logical inference is that he accepted the agreement" while he was in Tennessee. *Rimel*, 2016 WL 6246812, at *5. Accordingly, if the Court were to eschew the choice-of-law provision, Tennessee law would apply.

Next, the Court turns to the choice-of-law provision, which selects Utah law to govern any claims that may arise between the parties. In Tennessee, courts are "apt to construe [such] choice-of-law provisions broadly." *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 810 F. App'x 389, 399 (6th Cir. 2020) (citing *Frizzell Const. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999)). "Tennessee will honor a choice-of-law provision 'so long as the provision was executed in good faith, there is a material connection between the law and the transaction, and the chosen law is not contrary to the fundamental policies of Tennessee.'" *Id.* (quoting *Town of Smyrna, Tenn. v. Mun. Gas Auth. Of Georgia*, 723 F.3d 640, 645-46 (6th Cir. 2013)) (internal quotation marks omitted). Here, the Court rejects Plaintiff Cooper's argument that the Arbitration Agreement's choice-of-law provision doesn't apply here merely because Defendant eBay has not "moved to enforce" its forum-selection-clause. (Doc. No. 27 at 5). As Defendant eBay aptly states,

9

there is nothing in the Arbitration Agreement that "limits the choice of law provision's application to instances where eBay enforces its forum selection clause." (Doc. No. 37 at 4). However, the Court is uncertain that the existence of eBay's legal department in Utah is enough to create a material connection between Utah and Plaintiff Cooper's transaction, as required by Tennessee law. *See EPAC Techs., Inc.*, 810 F. App'x at 399; *see also Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002). Nevertheless, the Court need not take on this aforementioned issue, as it finds that the outcome of the motion would be the same regardless of an application of Tennessee law (which as discussed above, would apply if the Court did not enforce the choice-of-law provision) or Utah law.

### B. Substantial Compliance with the Opt-Out Procedures

The Arbitration Agreement requires individuals seeking to opt out to:

(1) Complete the Opt-Out Notice Form by providing all information required therein, including name, address, user ID, and email associated with the account;

(2) Mail the completed form to the provided Utah address;

(3) Sign the Opt-Out Notice;

(4) Complete the aforementioned steps within 30 days of accepting the User Agreement.

(Doc. No. 18-1 at 4, "opt-out provision"). The opt-out provision explicitly states that the given procedure "is the only way [users] can opt out of the Agreement to Arbitrate." (*Id.*) Accordingly, without effective notice, the full Arbitration Agreement applies, and litigation between eBay and User Agreement signatories cannot be pursued. Plaintiff Cooper argues that Defendant eBay's Motion fails because he effectively opted out of the Arbitration Agreement by filing suit against Defendant eBay within 30 days of accepting the agreement, which he claims constitutes substantial performance of the Arbitration Agreement's opt-out procedure. (Doc. No. 27 at 3).

10

"Substantial performance exists 'where there has been no willful departure from the terms of the contract, and no omission in essential points, and the contract has been honestly and faithfully performed in its material and substantial particulars." *Reliance Ins. Co. v. Utah Dep't of Transp.*, 858 P.2d 1363, 1370 (Utah 1993) (quoting *Black's Law Dictionary* 1281 (5th ed. 1979)). In order to substantially perform a contract (or particular contractual obligation, as in the instant case), a party's "only variance from the strict and literal performance" must consist only of "technical or unimportant omissions or defects." *Id.* The same standard applies in Tennessee. *See Farmers Mut. of Tennessee v. Atkins*, No. E2014-00554-COA-R3CV, 2014 WL 7143292, at *9 (Tenn. Ct. App. 2014) ("Substantial performance [of a contract] is said to exist 'where there has been no willful departure from the terms of the contract, and no omission in essential points, and it has been honestly and faithfully performed in its material and substantial particulars' and the only variance from the strict and literal performance consists of 'technical or unimportant omissions or defects.'" (quoting *Interstate Bldg. Corp. v. Hillis*, 66 S.W.2d 597, 598 (Tenn. Ct. App. 1933))). In order to determine whether substantial performance has occurred, the Court must consider "what it was the parties bargained for in their agreement." *Tennessee Div. of United Daughters of the Confederacy v. Vanderbilt Univ.*, 174 S.W.3d 98, 117 (Tenn. Ct. App. 2005) (citing *SDS & Assocs., Inc. v. Bldg. Plastics, Inc.*, WL 21998348, at *11-12 (Tenn. Ct. App. 2003)); *see also Cache Cty. v. Beus*, 978 P.2d 1043, 1050 (Utah Ct. App. 1999).

Plaintiff Cooper concedes that he "did not strictly comply with eBay's opt-out procedure," and instead argues that he nevertheless substantially complied with the opt-out procedures. (Doc. No. 27 at 4). Plaintiff Cooper argues that filing suit constitutes effective notice and that failing to send eBay's legal department a signed, physical opt-out notice was "one of those 'technical or unimportant omissions or defects' that the law forgives." (*Id.* at 4-5 (quoting *Interstate Bldg. Corp.*

11

*v. Hillis*, 66 S.W.2d 597, 598 (1933))). He asserts that "'courts have found that a party substantially complied with notice provisions in a contract despite not adhering to the exact requirements as to the method of notice." (*Id*. at 4 (quoting *Glass v. Tradesmen Int'l, LLC*, No. 5:19-CV-01331, 2020 WL 820655, at *14 (N.D. Ohio Feb. 19, 2020))).

In its reply brief, Defendant eBay argues that Plaintiff Cooper's lawsuit "is not a valid substitute for submitting the Opt-Out Notice to eBay" for a number of reasons. (Doc. No. 37 at 3). Defendant eBay asserts that Plaintiff "Cooper did not have the right to file a lawsuit until and unless he opted out of arbitration," meaning that any attempt to opt out of the Arbitration Agreement would have to occur *before* filing suit against eBay. (*Id*.). Further, Defendant eBay argues that Plaintiff "Cooper's lawsuit does not include the specific information required in the Opt-Out Notice, nor was it communicated through the correct method of notice." (*Id.* at 3). Thus, Defendant eBay argues that Plaintiff Cooper has complied with neither substantive nor procedural requirements of the Arbitration Agreement's opt-out procedure and has thus not substantially complied with its terms. (*Id*. at 2-3).

The Court agrees with Defendant eBay. Significantly, Plaintiff Cooper concedes that he neither completed and signed the required form nor mailed it as required. (Doc. No. 27 at 4). Further, although Plaintiff Cooper, by filing suit against Defendant eBay, has provided some information requested on the opt-out form, such as, for instance, his name, much of the information requested through the opt-out procedure is left out. Moreover, the authority on which Plaintiff Cooper relies is distinguishable. Plaintiff Cooper relies on *Glass*, where the court found that the plaintiff substantially complied with the opt-out provision in an arbitrations agreement when she hand delivered her opt-out form, rather than mailing it in as the arbitration agreement required. 2020 WL 820655, at *14. But unlike *Glass*, this case does not involve a mere discrepancy in the

manner of delivering the opt-out form; instead, Plaintiff made no attempt whatsoever to turn in or complete the required opt-out form.

At least one court has found that a plaintiff cannot effectively opt out of an arbitration agreement in the face of specific opt-out requirements solely by filing suit within the required deadline. *See Page v. Alliant Credit Union*, 1:19-cv-5965, 2020 WL 2526488, at *3 (N.D. Ill. May 18, 2020) (finding that filing suit does not constitute specific performance of an arbitration agreement's specific opt-out requirements). And other courts have found that providing the defendant merely some of the information required by the defendant's opt-out procedures does not constitute substantial compliance of an arbitration agreement's specific opt-out procedures. *See In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, No. 2:09-2009 SMH V, 2014 WL 12808035, at *4–5 (W.D. Tenn. Oct. 8, 2014) (finding that a FINRA Statement of Claim filed by class members prior to the end of the opt out period did not include the specific information required in the request for exclusion and thus was not a sufficient opt out notice); *Frost v. Household Realty Corp.*, 61 F. Supp. 3d 740, 748 (S.D. Ohio 2004) (holding that because the parties satisfied "only a few" requirements of the opt-out notice in filing their suit, the opt-out had been insufficient).

The Arbitration Agreement's unambiguous terms indicate that an individual may only opt out of the Arbitration Agreement by following the prescribed specific steps mentioned above. Defendant eBay bargained for these terms; *i.e.,* it bargained for the right to have buyers send notice of opting out not only prior to the lapse of 30 days, but also prior to the filing of any lawsuit ostensibly permissible based on a prior opt-out. In other words, Defendant eBay bargained not just for some technical mode of receiving opt-out forms, but also for the right essentially to receive notice of opting out *prior* to any lawsuit—prior notice that theoretically could help Defendant

13

eBay avoid the very kind of in-court litigation its Arbitration Agreement was designed to avoid in the first place.

Given the specificity of the Arbitration Agreement's opt-out procedure, the Court finds that filing this lawsuit does not constitute substantial performance of the opt-in procedures under either Tennessee or Utah law. Accordingly, the Court finds that Plaintiff Cooper has not met his burden in demonstrating that he has effectively opted out of the Arbitration Agreement.

### C. Foreclosure of Public Injunctive Relief

Plaintiff Cooper next argues that the Arbitration Agreement is unenforceable because "California law invalidates arbitration provisions that foreclose public injunctive relief." (Doc. No. 27 at 5). As discussed above, this argument cannot prevail because California law does not apply to the arbitration provisions at issue. Therefore, it is irrelevant whether "eBay's arbitration agreement would violate California law," as Plaintiff Cooper argues. (*Id.* at 6). It is also important to note that the Supreme Court has held that the FAA preempts California's judicial rule regarding the enforceability of class arbitration waivers in consumer contracts. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011). Accordingly, the Court finds no grounds here for denying Defendant eBay's motion.

### D. Unconscionability

Finally, Plaintiff Cooper argues that the Arbitration Agreement is unenforceable because it is both procedurally and substantively unconscionable. (Doc. No. 27 at 6-7). "Unconscionability may arise from a lack of a meaningful choice on the part of one party (procedural unconscionability) or from contract terms that are unreasonably harsh (substantive unconscionability)." *Trinity Indus., Inc. v. McKinnon Bridge Co.*, 77 S.W.3d 159, 170 (Tenn. Ct. App. 2001); *see also Cooper v. MRM Inv. Co.*, 367 F.3d 493, 505 (6th Cir. 2004); *Sosa v. Paulos*,

924 P.2d 357, 360 (Utah 1996) ("unconscionability includes 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" (citation omitted)). Tennessee courts "lump the two together" and find unconscionability "when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on one hand, and no honest and fair person would accept them on the other." *Trinity Indus., Inc.*, 77 S.W.3d at 17. Thus, in Tennessee, to establish that an agreement is unenforceable based on unconscionability grounds, it is not enough to establish procedural or substantive unconscionability alone; both must be established. *See Iysheh v. Cellular Sales of Tenn., LLC*, WL 2207122, at *5 (E.D. Tenn. 2018) ("Even if the Agreement was [procedurally unconscionable], it is enforceable unless plaintiff can also show it is substantively unconscionable."). However, Utah courts require a showing only of either procedural unconscionability or substantive unconscionability to render an agreement unenforceable. *See Resource Management Co. v. Weston Ranch*, 706 P.2d 1028, 1043 (Utah 1985) ("Gross disparity in terms, absent evidence of procedural unconscionability, can support a finding of unconscionability. While it is conceivable that a contract might be unconscionable on the theory of [procedural unconscionability] without any substantive imbalance in the obligations of the parties to the contract, that would be rare.").

Plaintiff Cooper argues that the Arbitration Agreement is procedurally unconscionable because "no reasonable consumer" would be willing to give up his or her right to a jury, to sue Defendant eBay in court, or to file a class action suit "simply because they clicked 'Confirm and Pay,'" especially since the 17-page User Agreement could only be accessed by clicking a separate

15

link.[3] (Doc. No. 27 at 7). In response, Defendant eBay argues that Plaintiff Cooper had affirmatively accepted the User Agreement (which includes the Arbitration Agreement) by creating his guest account and clicking the button to register. (Doc. No. 37 at 5).

Federal courts have consistently upheld these type of agreements, which are known as clickwrap agreements.[4] *See, e.g. Traton News, LLC v. Traton Corp.*, 528 F. App'x 525, 526 n.1 (6th Cir. 2013); *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1256 (10th Cir. 2012) (citing *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1226 (D. Haw. 2010)) ("Clickwrap agreements are increasingly common and 'have routinely been upheld.'"); *Nazaruk v. eBay Inc.*, WL 2666429, *3-4 (D. Utah 2006). These clickwrap agreements have been found valid even where the party was required to click on a link to view the terms of the agreement. *See Noye v. Johnson & Johnson*, No. 1:15-CV-2382, 2017 WL 5135191, at *8 (M.D. Pa. Nov. 6, 2017) (holding that a clickwrap agreement was not procedurally unconscionable under Michigan law even though the party had to click on a link to view the arbitration agreement); *Magid Glove & Mfg. Safety Co., LLC v. Tower Int'l, Inc.*, No. 10 C 7377, 2011 WL 1118883, at *3 (N.D. Ill. Mar. 25, 2011) (holding that a clickwrap agreement that included a link to its terms and conditions was not procedurally unconscionable because "a reasonable user could easily navigate to the Terms and Conditions through only two mouse clicks"); *One Beacon Ins. Co. v. Crowley Marine Servs.*, Inc., No. H–08–2059, 2010 WL 1463451, at *5–6 (S.D. Tex. Apr.12, 2010) (finding that a clickwrap agreement

---

[3] The Court is somewhat puzzled by the way Plaintiff Cooper frames this assertion. For starters, Plaintiff Cooper fails to establish, or even to try to establish, that the question of unconscionability turns on what a "reasonable consumer" would do. And to the extent that unconscionability could possibly turn on what a reasonable consumer would do, it surely would not turn on whether a reasonable consumer would give up the right to go to court "because" they clicked "Confirm and Pay." At best, the issue would be whether a reasonable consumer, for whatever reason(s), would agree to give up the right to go to court and thus decide to click "Confirm and Pay." That is a different issue. Of note, the issue could have been raised as to whether, by clicking "Confirm and Pay," Plaintiff actually manifested an agreement to give up the right to go to court. But Plaintiff did not raise it.

[4] A "clickwrap" agreement is an agreement as to which a website user must manifest assent to the terms of the agreement by clicking on an icon. *See Traton News, LLC v. Traton Corp.*, 528 F. App'x 525, 526 n.1 (6th Cir. 2013).

16

was not procedurally unconscionable where it provided address of website and only three mouse clicks were required to access terms and conditions from home page). In this case, the hyperlink directing Plaintiff Cooper to the User Agreement was available on the same screen in which he was asked to confirm the agreement. (Doc. No. 27-1). In one click of a mouse, Plaintiff Cooper would have been able to access the User Agreement and its Arbitration Agreement. Under these circumstances, the Court can hardly say that the Arbitration Agreement was procedurally unconscionable.

Plaintiff Cooper also argues that the Arbitration Agreement is inaccessible to most users because it is located on page 12 of a "17-page, single-spaced, small font" document that users are not required to "at least scroll through." (Doc. No. 27 at 2). Although the full Arbitration Agreement is located on page 12, information regarding the existence of agreement can be found in bold font on the first page.[5] (Doc. 18-1, Ex. A). Nevertheless, a party's failure to read a contract he or she signed is not a valid indicator of procedural unconscionability nor a defense to enforcement. *See Wofford v. M.J. Edwards & Sons Funeral Home Inc*, 490 S.W.3d 800, 812 (Tenn. Ct. App. 2015) ("[F]ailure to read an agreement does not absolve a contracting party from the terms contained in an agreement."); *John Call Eng'g, Inc v. Manti City Corp.*, 743 P.2d 1205, 2018 (Utah 1987) ("A party may not sign a contract and thereafter assert ignorance or failure to read the contract as a defense."). Accordingly, Plaintiff Cooper has simply not met his burden to demonstrate that the User Agreement is procedurally unconscionable.

Plaintiff Cooper argues the Arbitration Agreement is substantively unconscionable because "it is so one-sided" and because "it was not material to the transaction as evidenced by the opt-out

---

[5] As Defendant eBay reports in its reply brief, the "Introduction" section of the User Agreement specifically "advises the User of the Agreement to Arbitrate." (Doc. No. 37 at 5; Doc. No. 18-1, Ex. A).

provision." (Doc. No. 27 at 7). To begin with, the Court is puzzled by Plaintiff's claim that the Arbitration Agreement is not material, considering that, by opposing the Arbitration Agreement's enforcement, he is personally demonstrating just how important it can be (and is in this case). Further, Plaintiff Cooper does not expound on his argument that the Arbitration Agreement is "one-sided." In fact, all he says on the matter is: "The arbitration agreement is substantively unconscionable . . . not only because it is so one-sided, which it is, but also because it was not material to the transaction[.]" (Doc. No. 27 at 7). Besides labeling the Arbitration Agreement as "one-sided," Plaintiff Cooper does nothing (despite having the burden to do so) to point the Court to what terms of the Arbitration Agreement he believes are one-sided. Nevertheless, in response, Defendant eBay highlights a number of consumer-friendly elements contained within the Arbitration Agreement. [6] Therefore, the Court does not find that Plaintiff Cooper has met his burden to show that the Arbitration Agreement was so "one-sided" as to render it unconscionable.

The Court understands that a consumer (after the fact) might be frustrated at having clicked to approve boilerplate language that now seems like a contract of adhesion that the consumer now seeks to avoid. But that frustration does not make the contract unconscionable, and it does not make the Arbitration Agreement here unconscionable. In light of all proffered evidence, the Court finds Plaintiff Cooper has failed to make a sufficient showing of either procedural or substantive unconscionability. Given that at least one is required to invalidate the Arbitration Agreement under

---

[6] "The Agreement to Arbitrate contains a number of consumer-friendly features to facilitate the resolution of Cooper's claims, including, but not limited to:
- **Cost-free arbitration:** For claims of $10,000 or less, at the user's request 'eBay will pay all filing, administrative, and arbitrator fees' unless the arbitrator determines the customer's claim is 'frivolous.';
- **Small claims court option:** Either party may bring a claim in small claims court as an alternative to arbitration;
- **Conveniently located hearing:** Arbitration will take place 'in the country in which [the user] reside[s] or at another mutually agreed location.'" (Doc. No. 37 at 5) (emphasis in original).

18

Utah law, and both are required under Tennessee law, Plaintiff Cooper's unconscionability defense fails regardless of the applicable state law.

**CONCLUSION**

As noted above, when considering a motion to dismiss and compel arbitration under the FAA, a court has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714 (citing *Compuserve, Inc.*, 760 F. Supp. at 1278). As also noted, the task at issue here was determining the first step: whether the parties agreed to arbitrate their claims. For the above-mentioned reasons, the Court determined the parties agreed to arbitrate by the terms of the Arbitration Agreement. Additionally, the scope of the Arbitration Agreement covers Plaintiff Cooper's claims, as it requires that disputes stemming from the sale and purchase of products purchased through Defendant eBay's platform be resolved "exclusively through final and binding arbitration." (Doc. No. 18-1, Ex. A). Given that Plaintiff Cooper purchased the seatbelt extender at issue from Defendant eBay, Plaintiff Cooper's claim is within the scope of the Arbitration Agreement. (Doc. No. 1 at ¶ 32). Regarding the third task, the Court need not examine the arbitrability of claims, given that Plaintiff Cooper raises no federal statutory claims. (*Id.* at ¶¶ 45-60). As for the fourth task, two other Plaintiffs' claims against two other Defendants remain pending. Those Defendants also have motions to compel arbitration pending; thus, the Court will not stay this action and will decide the remaining motions to compel arbitration in due course.

Accordingly, the Court will GRANT Defendant eBay's Motion to Compel Arbitration as to Plaintiff Matthew Cooper and Stay Proceedings (Doc. No. 17). The Court will stay all

19

proceedings and deadlines indefinitely as to Plaintiff Cooper and Defendant eBay and compel

Plaintiff Cooper to arbitrate his claims on an individual basis.

An appropriate Order will be entered.


_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE